# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:17-CV-00146-JHM**

**TERRY LINDSEY**                                                                              **PLAINTIFF**

**v.**

**MANAGEMENT & TRAINING CORPORATION**                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for partial dismissal by defendant Management & Training Corporation ("M & T"). (DN 12.) Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

According to the complaint, plaintiff Terry Lindsey was terminated from her employment with M & T in May 2016. (Pl.'s Compl. [DN 1] ¶ 18.) She alleges that she was terminated because she is an African-American and notes that she and other African-American employees in management positions were either removed or encouraged to resign from management prior to her termination. (*Id*. ¶¶ 16–18.) She also alleges that she was terminated because she was seen by another employee with her significant other, who was a female former employee of M & T, whereas the company never took disciplinary action against employees who were engaged in opposite-sex relationships with other employees. (*Id.* ¶¶ 19–20.) She has asserted claims against M & T for violating Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act ("KCRA") by discriminating against her on the basis of her race and sex. (*Id.* ¶¶ 21–30.) M & T have moved to dismiss the sex discrimination claims, as well as any breach of contract or retaliation claims she may have alleged. (DN 12.)

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint . . . states a plausible claim for relief.*"* *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct." *Id.* at 678–79. Instead, a complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 677 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. RETALIATION CLAIMS

M & T argues that Lindsey cannot maintain any claim for retaliation under Title VII, as she has not exhausted her remedies with the Equal Employment Opportunity Commission for such a claim. Lindsey concedes this point and does not object to the dismissal of this claim. As such, the Court will grant the motion to dismiss the Title VII claim for retaliation.

M & T also argues that any claim for unlawful retaliation under the KCRA has been inadequately pled, as there are no factual allegations in the complaint that demonstrate Lindsey was engaged in a protected activity. Lindsey does not respond to this argument. "To establish a *prima facie* case for retaliation, [the plaintiff] has the initial burden to show that (1) she . . . engaged in a protected activity . . ." *Banks v. Bosch Rexroth Corp.*, 15 F. Supp. 3d 681, 693 (E.D. Ky. 2014) (quoting *Hamilton v. Gen. Elec. Co.*, 556 F.3d 428, 435 (6th Cir. 2009)). Under the KCRA, protected activities include "oppos[ing] a practice declared unlawful by this chapter, or . . . ma[king] a charge, fil[ing] a complaint, testif[ying], assist[ing], or participat[ing] in any manner in any investigation, proceeding, or hearing under this chapter." KRS § 344.280(1). Lindsey has not pled any facts demonstrating that she engaged in such acts while employed by M & T. Thus, the Court will grant the motion to dismiss the KCRA claim for retaliation.

### B. BREACH OF CONTRACT

Lindsey has not specifically made a claim for breach of contract against M & T. Her complaint's introductory paragraph states that she is challenging M & T's "breach of contract," but M & T argues that the complaint contains no facts that plausibly allege such a claim. Lindsey argues that it is premature to dismiss the claim, as M & T breached several different employment letters and the employee handbook throughout Lindsey's employment. However, even if these documents exist and would support such a claim, the complaint does not plead their existence or any facts that plausibly allege the existence of a contract, breach of that contract, and damages from that breach. *Metro Louisville/Jefferson Cty. Gov. v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009). Without some facts showing what the terms of the contract were and how they were breached, the claim cannot survive. As such, the Court will grant the motion to dismiss any claim for breach of contract.

## C. SEX DISCRIMINATION CLAIMS

Lindsey has asserted claims under both Title VII and the KCRA for sex discrimination. The complaint alleges that M & T took adverse action against her upon discovering that she was dating a former female coworker, despite the company having refused to enforce its policy on office relationships for opposite-sex couples. M & T argues that Lindsey has not pled a cognizable claim under either Title VII or the KCRA, as the characteristic upon which she claims she was discriminated, her sexual orientation, is not a protected classification under either law.

Both Title VII and the KCRA prohibit discrimination on the basis of sex. 42 U.S.C. § 2000e-2(a)(1); KRS 344 § 344.040(1)(a). The Sixth Circuit has categorically held that "sexual orientation is not a prohibited basis for discriminatory acts under Title VII." *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006). Further, the Sixth Circuit, in applying Title VII precedent to the KCRA, has held that the KCRA also does not protect individuals from discrimination based on sexual orientation. *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 727 (6th Cir. 2009). Lindsey's complaint alleges that M & T took adverse action against her because of her same-sex relationship. Because of the Sixth Circuit's opinion in *Vickers*, this claim is foreclosed under both Title VII and the KCRA.

Lindsey's arguments to the contrary, while foreclosed by *Vickers*, are not without some merit. Title VII's protection against sex discrimination allow for claims "based on gender nonconformance that is expressed outside of work." *EEOC v. R.G. & G.R. Harris Funeral Homes, Inc.*, 884 F.3d 560, 580 (6th Cir. 2018) (citing *Smith v. City of Salem*, 369 F.3d 912 (amended and superseded, 378 F.3d 566) (6th Cir. 2004); *Barnes v. City of Cincinnati*, 401 F.3d 729 (6th Cir. 2005)). "Under any circumstances, sex stereotyping based on a person's gender non-conforming behavior is impermissible discrimination." *Id.* at 572 (quoting *Smith*, 378 F.3d

at 575). If the Court were simply required to apply this framework, Lindsey's claim would likely survive. Lindsey's behavior that was at the root of the alleged discrimination (dating another woman) fails to conform to the stereotypical female behavior of dating men. The *Vickers* court seemed to acknowledge that such claims based on sexual orientation discrimination fit within the framework for analyzing sex discrimination claims, stating that, "[i]n all likelihood, any discrimination based on sexual orientation would be actionable under a sex stereotyping theory if this claim is allowed to stand, as all homosexuals, by definition, fail to conform to traditional gender norms in their sexual practices." *Vickers*, 453 F.3d at 764. But the *Vickers* court removed claims based on sexual orientation from ever being put through this analytical framework by declaring that "a gender stereotyping claim should not be used to bootstrap protection for sexual orientation into Title VII." *Id.* at 764 (quoting *Dawson v. Bumble & Bumble*, 398 F.3d 211, 218 (2d. Cir. 2005)).[1] Thus, because *Vickers* remains good law, *see R.G. & G.R. Harris*, 884 F.3d at 579, the Court must dismiss Lindsey's Title VII and KCRA claims for sex discrimination.

Lindsey makes one final argument against dismissal. She states that, because M & T is allegedly a federal contractor, it is bound by Executive Order 13672, which prohibits federal contractors from discriminating on the basis of sexual orientation. But Lindsey's complaint makes no mention of this Executive Order as a legal theory under which she is seeking relief. Instead, she only seeks to recover under Title VII and the KCRA. As such, she cannot pursue a claim of sexual orientation discrimination under the Executive Order, and her sex discrimination claims must be dismissed.

---

[1] *Dawson* was recently overruled by *Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2d. Cir. 2018).

## IV. CONCLUSION

Therefore, for the reasons stated above, the motion for partial dismissal by defendant Management & Training Corporation (DN 12) is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 11, 2018

cc: counsel of record