UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:17-CV-00146-JHM**

**TERRY LINDSEY**                                              **PLAINTIFF**

**V.**

**MANAGEMENT & TRAINING
CORPORATION**                                                 **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Defendant's Motion for Summary Judgment. [DN 32]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

**I.     BACKGROUND**

According to the Complaint, Ms. Terry Lindsey was terminated from her employment with Management & Training Corporation ("MTC") in May 2016. [DN 1 ¶ 18]. As is pertinent to the instant Motion, she alleges that she was terminated because she is an African-American and notes that she and other African-American employees in management positions were either removed or encouraged to resign from management prior to her termination. [*Id.* ¶ 16–18]. MTC maintains that Ms. Lindsey's termination was the sole result of her failure to lead her team satisfactorily and her continual violations of company policy. [DN 32-1 at 1].

Ms. Lindsey filed this lawsuit in November 2017 against MTC. [DN 1]. She asserted claims against MTC for violating Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act ("KCRA") by discriminating against her on the basis of her race and sex. [DN 1 ¶¶ 21–30]. In April 2018, MTC filed a Partial Motion to Dismiss seeking dismissal of Ms. Lindsey's sex discrimination claims, retaliation, and breach of contract claims. [DN 12]. The Court granted MTC's Motion [DN 20], leaving only a claim of race discrimination—under both Title VII and

the KCRA—to be decided. MTC now moves for summary judgment on Ms. Lindsey's remaining claim. [DN 32]. MTC argues that under both potential theories of race-based discrimination—wrongful discharge and hostile work environment—Ms. Lindsey cannot establish a claim. [DN 32-1 at 10–11].

## II. STANDARD OF REVIEW AND LAW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying the portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

MTC's Motion differentiates between Ms. Lindsey's two theories of race-based discrimination—wrongful discharge and hostile work environment. [DN 32 at 10]. MTC

2

maintains that under either theory, Ms. Lindsey fails to offer evidence to support her claim and summary judgment is appropriate. [*Id.* at 11]. The Court will address each in turn.

### A. Wrongful Discharge

Ms. Lindsey's Complaint alleges that she was wrongfully discharged from her employment at MTC in violation of Title VII and the KCRA. [DN 1 ¶ 1]. She explains that unfounded complaints by co-workers "were used as a pretextual basis" for her firing. [*Id.* ¶ 18]. MTC moves for summary judgment arguing that Ms. Lindsey cannot establish a *prima facie* case of race-based discrimination premised upon wrongful discharge. DN 32-1 at 12–13]. Additionally, MTC maintains it is entitled to summary judgment because it had a legitimate nondiscriminatory reason for terminating Ms. Lindsey's employment, and, further, Ms. Lindsey cannot prove the given rationale is pretextual. [*Id.* at 13–15].

To establish an employment discrimination claim, a plaintiff must either present direct evidence of discrimination or introduce circumstantial evidence that allows an inference of discriminatory treatment. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000). Ms. Lindsey did not offer any direct evidence of discrimination. That being the case, the *McDonnell Douglas* burden-shifting approach applies to this case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under that framework, Ms. Lindsey faces the initial burden of presenting a *prima facie* case of racial discrimination. *Vaughn v. Watkins Motor Lines, Inc.*, 291 F.3d 900, 906 (6th Cir. 2002). To establish such a claim, Ms. Lindsey must prove that: (1) she was a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class or that relative to the same conduct, she was treated different than non-minority employees. *Id.* If Ms. Lindsey satisfies that showing, the burden then shifts to MTC to "articulate some legitimate, nondiscriminatory reason" for Ms. Lindsey's termination. *Id.* (quoting *Johnson*, 215 F.3d at 573)

(internal quotation marks omitted). If MTC satisfies this burden, the burden then shifts back to Ms. Lindsey to "prove that the proffered reason was actually a pretext to hide unlawful discrimination." *Johnson*, 215 F.3d at 573. Ms. Lindsey may prove that MTC's stated rationale is mere pretext by showing by a preponderance of the evidence "(1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate [her] discharge, or (3) that they were insufficient to motivate discharge." *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994), *overruled on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993)).

MTC first argues that Ms. Lindsey cannot satisfy the *prima facie* showing required for racial discrimination—specifically, elements three or four. [DN 32-1 at 12–13]. Ms. Lindsey rebuts MTC's position as to both elements. [DN 33 at 2–3]. Additionally, MTC maintains that it had a legitimate nondiscriminatory reason for terminating her employment. [DN 32-1 at 13–15]. Even if the Court were to hold that Ms. Lindsey had established a *prima facie* case of race discrimination, MTC proffered a legitimate nondiscriminatory reason for terminating Ms. Lindsey—namely, "her well-documented and repeated violations of company policy." [*Id.* at 13]. Ms. Lindsey has not produced sufficient evidence to suggest that this stated, and substantially supported, reason was a pretext for discrimination. Accordingly, summary judgment as to Ms. Lindsey's wrongful discharge claim of race-based discrimination is proper.

### B. Hostile Work Environment

The Court now turns to Ms. Lindsey's second theory of race-based disclination. In her Complaint, Ms. Lindsey claims she was subjected to a racially hostile environment while employed at MTC because of harassment she experienced. [DN 1 ¶¶ 2, 8]. MTC, in its Motion for Summary Judgment, argues that Ms. Lindsey only meets one of the required elements of a

hostile work environment claim and, as such, the claim must fail. [DN 32-1 at 16]. In her response to MTC's Motion, Ms. Lindsey is silent as to a hostile work environment or harassment theory of race-based discrimination. Accordingly, MTC's arguments on that theory are unopposed.

A hostile work environment claim brought under the KCRA is to by analyzed in the same manner as a claim brought pursuant to Title VII. *See Vinova v. Henry Cnty. Bd. of Educ.*, 2015 WL 7681246, at *3 (E.D. Ky. Nov. 24, 2015) (quoting *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 408, n.5 (6th Cir. 1997) ("Because KRS Chapter 344 mirrors the federal Title VII, and because its general purpose 'is to provide a means for implementing within the state the policies embodied in Title VII . . . it is common practice to look to the federal counterpart in construing KRS Chapter 344.'"). Discrimination in the form claimed by Ms. Lindsey occurs "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999) (internal quotation marks and citation omitted). To establish a *prima facie* case of a hostile work environment based on race, a plaintiff must show the following: (1) she is a member of a protected class; (2) she was subjected to unwelcomed harassment; (3) the harassment was based on her membership in a protected class; (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive/hostile work environment; and (5) her employer is vicariously liable. *Warf v. U.S. Dep't of Veterans Affairs*, 713 F.3d 874, 878 (6th Cir. 2013).

Ms. Lindsey's Complaint fails to identify what specific conduct was harassing or hostile. Instead, she makes a cursory allegation that "Defendant's employment policies and practices had the effect of and have [sic] undertaken with the purpose of discriminating against the Plaintiff and creating a . . . racially hostile environment . . . ." [DN 1 ¶ 2]. As is relevant to this Motion, MTC

5

argues that Ms. Lindsey did not specify any conduct that would constitute race-based harassment that interfered with her work performance nor did she identify any facts showing that MTC knew of the unlawful harassment and is therefore liable. [DN 32-1 at 16]. Indeed, the evidence before the Court does not reveal any genuine issue of material fact as to whether Ms. Lindsey was subjected to severe, race-based harassment as there is no evidence of such conduct. Accordingly, summary judgment as to Ms. Lindsey's hostile work environment racial discrimination claim is also appropriate.

## IV.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [DN 32] is **GRANTED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

September 9, 2019

cc: counsel of record